# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandra K. Fiecke-Stifter and the Estate of Doris M. Fasching by and through Personal Representative Sandra Fiecke-Stifter, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>MidCountry Bank and Taft Stettinius & Hollister LLP,<br><br>    Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

COME NOW Sandra Fiecke-Stifter and the Estate of Doris M. Fasching by and through Personal Representative Sandra Fiecke-Stifter on behalf of themselves and all other similarly situated, and for Plaintiffs' Class Action Complaint against Defendants MidCountry Bank and Taft Stettinius & Hollister LLP, state as follows:

## INTRODUCTION

1. This action arises out of Defendant MidCountry Bank's failure to credit payments under the Truth in Lending Act, and its illegal foreclosure of Sandra K. Fiecke-Stifter's and Doris M. Fasching's home, which is held in trust by the Estate of Doris M. Fasching, causing prejudice and irreparable harm.

1

2. This action also arises out of Defendant Taft Stettinius & Hollister LLP's ("Defendant Taft") violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

3. This Class Action Complaint seeks, on behalf of the Plaintiff and all other consumers statewide similarly situated, declaratory judgment, injunctive relief, as well as statutory damages against the Defendant for its routine practices of accelerating the debt of deceased borrowers statewide and subsequently foreclosing on the mortgages securing those debts in violation of 15 U.S.C. § 1692f(6).

## JURISDICTION

4. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court can exercise supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 as they are so related that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiffs resides in this District, and the Defendant transacts substantial business in this District.

## PARTIES

7. Plaintiff Sandra K. Fiecke-Stifter ("Fiecke-Stifter"), individually and as Personal Representative for the Estate of Doris M. Fasching ("Estate"), is a

natural person who resides in the city of Hutchinson, county of McLeod, state of Minnesota. Fiecke-Stifter and the Estate are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

8.  Defendant MidCountry Bank is a federally chartered savings bank located at 7825 Washington Avenue South, Suite #120, Bloomington, Minnesota 55439 and is "a person who both (1) regularly extends...consumer credit...and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable." In satisfaction of 12 C.F.R. § 226.2(a)(17)(v), MidCountry Bank extended credit...more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year and in the current calendar year. Defendant MidCountry Bank is therefore a creditor as that terms is defined by 15 U.S.C. §1692a(4).

9.  Defendant Taft is a professional corporation incorporated under the laws of the state of Ohio. Defendant Taft is licensed to do business in the state of Minnesota, regularly conducts business within said State, has a principal place of business located at 425 Walnut Street, Suite 1800, Cincinnati, OH 45202. Defendant has an office address located in Minnesota at 2200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402.

10. Defendant Taft is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and §1692f(6).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

11. Doris M. Fasching ("Fasching"), died on September 21, 2021.

3

12. When she passed, Fasching was a widower. Her husband Harold N. Fasching predeceased her.

13. A probate matter was commenced to probate Fasching's estate on December 6, 2021.

14. Fiecke-Stifter was the personal representative of Fasching's probate.

15. Fiecke-Stifter and her two brothers are the only heirs.

16. Included in the probate estate was Fasching's homestead property.

17. Related to that property, there was a mortgage that secured a home equity line of credit.

18. On December 16, 1998, the Faschings executed a Home Equity Line of Credit Agreement ("Note") in favor of First Federal FSB now known as MidCountry Bank.

19. That Note is secured by a Mortgage ("Mortgage") dated December 16, 1998 executed by the Faschings in favor of First Federal FSB, now known as MidCountry Bank.

20. The real property that is subject to the Mortgage and is the subject to this action is legally described as follows:

> That part of Lot 3, Block 1, North Park Ridge Townhomes, according to the recorded plat thereof, lying Northerly of a line described as follows: Commencing at the Southeast comer of said Lot 3; thence Northerly, along the East line of said Lot 3 a distance of 46.00 feet to the beginning of the line to be described; thence Westerly, parallel with the South line of said Lot 3 to the Northwesterly line of said Lot 3 and said line there terminating, McLeod County, Minnesota.

And with street address of 722 Arizona Street Northwest, Hutchinson, MN 55350. ("Property" or "Home".)

21. The mortgage provides that a default occurs when a sole Mortgagor dies.

22. At the time that she passed, Fasching was in good standing with the Home Equity Line of Credit and current on all payments to MidCountry Bank.

23. Also, at the time that her mother passed, Feicke-Stifter resided at the Property, which was her homestead.

24. After Fasching's death, Feicke-Stifter continued to make payments on the Home Equity Line of Credit.

25. Despite that it had communicated to Feicke-Stifter that she was current on payments, MidCountry Bank deemed the Home Equity Line of Credit in default.

26. MidCountry Bank asserted that Fasching's death was a condition of default that accelerated the entire loan balance to be due and owing.

27. These reasons for default were communicated during and after the foreclosure. Prior to the foreclosure, MidCountry Bank never sent a notice of default, and it never provided an opportunity to cure the purported default.

28. On February 1, 2022, MidCountry Bank caused to be recorded a Notice of Pendency of Proceeding and Power of Attorney to Foreclose ("Notice of Pendency") as document T69002 with the McLeod County Registrar of Titles.

29. Pursuant to Minn. Stat. § 580.02, a mortgagee cannot commence a foreclosure by advertisement unless certain prerequisite conditions have been fulfilled.

30. One of those conditions is that a default of the debt has occurred.

31. In fulfillment of the foreclosure by advertisement prerequisites, MidCountry Bank asserted that it could foreclose on the Property because Fasching's death caused a default under the Note.

32. It exerted the due-on-sale clause in the Mortgage to be able to foreclose the property.

33. Through the Notice of Proceeding, MidCountry Bank Appointed Taft its attorney to commence the foreclosure of the Property.

34. At all times relevant hereto, Defendant Taft attempted to collect debts for personal, family, or household purposes (i.e. home mortgages) alleged to be owed by Plaintiff and each member of the purported class.

35. In January 2022, Feicke-Stifter called MidCountry bank, and a representative confirmed that she was current on payments.

36. On February 18, 2022, Feicke-Stifter was served the Notice of Foreclosure Sale.

37. On March 20, 2022, MidCountry Bank later refunded $2,708.46 in payments to Fiecke-Stifter.

38. With the refund check was accompanied by a note that said:

> Enclosed:
> Returned payments:
> 12/29/21 $1,640.62
> 2/22/22 $1,067.46
> Loan #*****1832
> Total Return $2,708.46

>We are unable to accept your payments on this loan at this time.
>
>Loan Operations

39. On April 7, 2022, the Property was sold at sheriff's auction.

40. The last statement that Fiecke-Stifter received stated that the principal loan balance was $58,722.49.

41. The highest bidder at the sheriff's action was Frank Bayerl, who bid $76,000.00.

42. For Fiecke-Stifter to prevent the loss of the improperly foreclosed property, she had to pay $77,159.29.

43. The difference between the last stated loan balance and the redemption amount included improperly and illegally assessed late charges, interest and costs and fees related to the foreclosure.

## FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS

44. Defendant MidCountry Bank executed an illegal foreclosure sale of the Property in direct violation of the federal preemption and prohibition of due on sale clause under the Garn-St. Germain Act, 12 U.S.C. § 1701j-3, which prevents a lender from exercising a due-on-sale clause when a borrower dies and the property transfers to a relative or when the children of the borrower become an owner of the property:

>§ 170lj-3. Preemption of due-on-sale prohibitions (d) Exemption of specified transfers or dispositions. With respect to a real property loan secured by a lien on residential real property containing less than five dwelling units, including a lien on the stock allocated to a dwelling unit in a cooperative housing corporation, or on a

> residential manufactured home, a lender may not exercise its option pursuant to a due-on-sale clause upon-
> ….
> (5) a transfer to a relative resulting from the death of a borrower;
> (6) a transfer where the spouse or children of the borrower become an owner of the property;

12 U.S.C. § 1701j-3.

45. Under the Garn-St. Germain Act, a "real property loan" is defined as "a loan, mortgage, advance, or credit sale secured by a lien on real property."

46. Therefore, the Home Equity Line of Credit is a real property loan proscribed by the Garn-St. German Act.

47. Indeed, the Mortgage states that its due on clause is "subject to the restrictions imposed by federal law (12 C.F.R. 591) as applicable."

48. 12 C.F.R. § 591 (later recodified as 12 C.F.R. § 191) states, in relevant part, A lender shall not (except with regard to a reverse mortgage) exercise its option pursuant to a due-on-sale clause upon: A transfer, in which the transferee is a person who occupies or will occupy the property, which is: (A) A transfer to a relative resulting from the death of the borrower; or (B) A transfer where the spouse or child(ren) becomes an owner of the property. 12 C.F.R. § 591(1)(v).

49. MidCountry bank deemed Fasching in default because she died and accelerated the entire balance of the loan to be due and owing immediately.

50. Because MidCountry Bank exercised its option pursuant to a due-on-sale clause because of Fasching's default, and because the exercise of that option was

8

prohibited under the Garn-St. Germain Act and under the Mortgage, MidCountry Bank did not have a present right of possession to the Property.

51. Because MidCounty Bank did not have a present right of possession in the Property, Taft's foreclosure of the property was and unfair and unconscionable means to collect a debt pursuant to 15 U.S.C. § 1692f(6).

52. As a direct result of Defendant MidCountry Bank's violation of 12 USC 1701j-3, Plaintiff has suffered an illegal foreclosure, prejudice, and irreparable harm.

53. As a direct result of Defendant Taft's violation of 15 U.S.C. § 1692f(6), Plaintiff has suffered an illegal foreclosure, out of pocket loss, loss of sleep, anxiety, stress, prejudice, and irreparable harm.

## CLASS ALLEGATIONS

54. This action is brought on behalf of a class of similarly situated persons defined as (i) all consumers statewide (ii) against whom Defendant MidCountry Bank asserted an event of default under a note or mortgage resulting from death of a borrower, against whom Defendant MidCountry Bank exercised a due-on-sale option in a mortgage, and whose Real Property Defendant Taft foreclosed; (iii) for which the exercise of the due-on-sale clause was prohibited under law or contract; (iv) in an attempt to accelerate debt secured by a mortgage and collect that debt, which is debt incurred for personal, family, or household purposes as shown by Defendant's or the creditors' records; and (v) allegedly due for a home mortgage.

55. The class period begins one year before the date this case was filed and continues through the conclusion of this case as to claims under the FDCPA.

56. The class period begins one year before the date this case was filed and continues through the conclusion of this case as to claims brought under the TILA.

57. The class period begins six years before the date this case was filed and continues through the conclusion of this case as to claims for breach of contract.

58. The class is so numerous that joinder of all members is impracticable.

59. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is:

60. Whether Defendant Taft's conduct violated 15 U.S.C § 1692f(6).

61. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records or records of creditors.

62. Plaintiff will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.

63. Plaintiff have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiff nor her counsel have any interest which might cause her not to vigorously pursue this claim.

64. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

65. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

66. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

68. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant has acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate to cease further and future illegal conduct.

69. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### AGAINST MIDCOUNTRY BANK

70. Plaintiff incorporates by reference all the above paragraphs of this Complaint.

71. Defendant MidCountry Bank was party to a contract with Fasching.

72. Those contracts were the Mortgage and the Note.

73. Plaintiff Fiecke-Stifter is the personal representative for Fasching's estate, so she can assert claims on behalf of Fasching.

74. Plaintiff Fiecke-Stifter is an heir to the real property that is subject to this action; therefore, she can assert claims as the owner of the Property.

75. The Property is Plaintiff Fiecke-Stifter's home; therefore, she can assert claims as owner of the property.

76. Defendant MidCountry Bank held Fasching in default of her obligations under the Note and the Mortgage because she died.

77. However, the Mortgage states that its due on clause is "subject to the restrictions imposed by federal law (12 C.F.R. 591) as applicable."

78. One of the restrictions under that rule is that a lender is prohibited to enforce a due-on-sale clause because of a borrower's death.

79. 12 C.F.R. § 591 (later recodified as 12 C.F.R. § 191) states, in relevant part, A lender shall not (except with regard to a reverse mortgage) exercise its option pursuant to a due-on-sale clause upon: A transfer, in which the transferee is a person who occupies or will occupy the property, which is: (A) A transfer to a relative resulting from the death of the borrower; or (B) A transfer where the spouse or child(ren) becomes an owner of the property. 12 C.F.R. § 591(1)(v).

80. Indeed, that same prohibition exists under Federal Law, codified at 12 U.S.C. § 1701j-3.

81. By accelerating Fasching's debt under the note because of her death, MidCountry Bank violated the terms of the Contract and Federal Law.

82. Plaintiff Fiecke-Stifter and the Estate made regular payments to the loan after Fasching's death.

83. MidCountry Bank received those payments.

84. MidCountry credited those payments against the loan account.

85. MidCountry Bank's receipt of the loan payments after Fasching's death constitutes waiver of the default by death of a borrower clause.

86. After accepting payments from Plaintiff Fiecke-Stifter, and after crediting them to the account, MidCountry Bank returned those payments, and it reflected the return of those payments as account debits.

87. The Dodd-Frank Act mandates that servicers credit periodic payments on consumer credit transaction secured by a consumer's principal dwelling as of the date of receipt. 15 U.S.C. § 1639f(a).

88. MidCountry Bank's return of accepted payments and failure to apply those payments is a breach of contract.

89. Plaintiff Fiecke-Stifter is entitled to damages for breach of contract.

## COUNT II
## VIOLATIONS OF TILA
## AGAINST MIDCOUNTRY BANK

90. Plaintiff incorporates by reference all the above paragraphs of this Complaint.

91. MidCountry Bank is "a person who both (1) regularly extends…consumer credit…and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable." In satisfaction of 12 C.F.R. § 226.2(a)(17)(v), MidCountry Bank extended credit…more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year and in the

13

current calendar year. Defendant MidCountry Bank is therefore a creditor as that terms is defined by 15 U.S.C. §1692a(4).

92. Plaintiff Fiecke-Stifter and the Estate made regular payments to the loan after Fasching's death.

93. Those payments were periodic payments on a consumer credit transaction secured by a consumer's principal dwelling as of the date receipt.

94. MidCountry Bank received those payments.

95. MidCountry credited those payments against the loan account.

96. MidCountry Bank's receipt of the loan payments after Fasching's death constitutes waiver of the default by death of a borrower clause.

97. After accepting payments from Plaintiff Fiecke-Stifter, and after crediting them to the account, MidCountry Bank returned those payments, and it reflected the return of those payments as account debits.

98. The Dodd-Frank Act, as codified as a part of the Truth-in-Lending Act, mandates that servicers credit periodic payments on consumer credit transaction secured by a consumer's principal dwelling as of the date of receipt. 15 U.S.C. § 1639f(a).

99. By returning those payments after crediting them, MidCountry has violated 15 U.S.C. § 1639f(a).

100. Plaintiff has suffered damages and injury, and Defendant is liable for an amount equal to actual damages (15 U.S.C. § 1640(a)(1)), statutory damages in the amount of twice the amount of the finance charge in connection with the

transaction (15 U.S.C. § 1640(a)(2)(A)(i)) or not less than $400 or more than $4,000 (15 U.S.C. § 1640(a)(2)(A)), and reasonable attorney fees and costs of this action (15 U.S.C. § 1640(a)(3)).

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq*.**
**AGAINST TAFT**

101. Plaintiff incorporates by reference all the above paragraphs of this Complaint.

102. Fiecke-Stifter is a consumer within the meaning of 15 U.S.C. § 1692a(3).

103. Taft is a debt collector within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect MidCountry Bank's debts and foreclose on any security interests arising out of those debts.

104. Taft enforced Fasching's purported default of the Note and Mortgage by commencing a foreclosure by advertisement against the real property that secured the debt.

105. The condition of default was death of the borrower.

106. Upon Fasching's death, the property transferred to Plaintiff Fiecke-Stifter, who is Fasching's daughter.

107. Fiecke-Stifter tried to make the regular monthly payments under the Note to MidCountry Bank.

108. MidCountry Bank refused or returned those payments based on it's improper acceleration of the debt.

109. The transfer to Fiecke-Stifter is one that is contemplated under the Mortgage and under Federal Law as a transfer for which a lender is prohibited from exercising its option pursuant to a due-on-sale clause.

110. Despite, this Taft foreclosed the Property pursuant to this purported and prohibited basis for acceleration of the debt.

111. Therefore, Taft's foreclosure by advertisement was a nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest or the property is exempt by law from such dispossession or disablement; the terms of the mortgage that lead MidCountry to declare a default and accelerate the debt, as applied, were unenforceable and MidCountry did not have a present right of possession.

112. Defendant Taft, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692 et seq.:

    a. Using false, deceptive, or misleading representations or means in collecting a debt, regarding the character and/or legal status of said debt. 15 U.S.C. § 1692e(2)(A);

b. Using false, deceptive, or misleading representations or means in collecting a debt, including the threat to take action that cannot be legally taken. 15 U.S.C. § 1692e(5);

c. Using unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1);

d. Using unfair or unconscionable means to collect or attempt to collect a debt, including taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is not present right to possession of the property claimed as collateral through an enforceable security interest or the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

113. As a result of each and every violation by Defendant of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant MidCountry Bank as follows:

a. Certification of this action to proceed as a class action;

b. As a result of Defendant MidCountry Bank's breach of contract, it is liable for an amount equal to actual damages and costs.

c. As a result of Defendant's violations of the Truth-In-Lending Act and Regulation Z, it is liable to the Plaintiff for an amount equal to actual damages (15 U.S.C. § 1640(a)(1)), statutory damages in the amount of twice the amount of the finance charge in connection with the transaction (15 U.S.C. § 1640(a)(2)(A)(i)) or not less than $400 or more than $4,000 (15 U.S.C. § 1640(a)(2)(A)), and reasonable attorney fees.

d. Entry of a Declaratory Judgment finding Defendant MidCountry Bank's conduct in declaring an event of default under a note or mortgage as a result of the death of a borrower violates federal law.

Plaintiffs pray that judgment be entered against Defendant Taft as follows:

a. Certification of this action to proceed as a class action;

b. Appointing Plaintiff as class representative;

c. Appointing Plaintiff's counsel as class counsel;

d. Entry of the Declaratory Judgment finding Defendant's practices challenged herein violate the FDCPA;

e. Entry of an Order enjoining Defendant from engaging in practices which violate the FDCPA;

f. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B) against Defendant Taft;

g. For an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Taft; and

h. For such other and further relief as may be just and proper.

## **TRIAL BY JURY**

114. Plaintiff is entitled to, and hereby demands, a trial by jury. US Const. amend. VII; Fed. R. Civ. P. 38.

Dated this 9th day of December 2022.

Respectfully submitted,

By: /s/Carl E. Christensen
Carl E. Christensen (#350412)
Christopher J. Wilcox (#392536)
**CHRISTENSEN LAW OFFICE PLLC**
305 North Fifth Ave., Ste. 375
Minneapolis, MN 55401
Ph: (612) 473-1200
Fax: (612) 823-4777
carl@clawoffice.com
chris@clawoffice.com

Thomas J. Lyons, Jr., Esq. (#249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF AND THE CLASS*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Sandra Fiecke-Stitfer, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 9th day of December, 2022.

                                                  s/Sandra Fiecke-Stifter
                                                  Sandra Fiecke-Stitfer